UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE D. SNELLING,, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV00925 AGF |
| | ) |
| J.D. HAYNES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the motions of Defendants Matthew Chase, Jack Fishman, The Fishman Law Firm, P.C., and Michael F. Stelzer to dismiss the First Amended Petition brought by Plaintiff Lonnie D. Snelling for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's motion for leave to file a second amended complaint. (Docs. 27, 33, 35, 49.) For the reasons set forth below, the Court will grant Defendants' motions to dismiss, and deny Plaintiff's motion to amend his complaint.

I.     PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint in this case on May 10, 2010. (Doc. 1.) On July 9, 2010, Defendants Jack Fishman and The Fishman Law Firm, P.C. moved to dismiss that complaint. (Doc. 10.) On July 12, 2010, Defendant Matthew Chase moved to dismiss that complaint. (Doc. 13.) On July 15, 2010, Defendant Michael F. Stelzer filed his answer and contemporaneously moved to dismiss the original Complaint. (Docs. 15, 16.)

On July 26, 2010, Plaintiff moved to file his First Amended Complaint, which the Court granted on August 6, 2010. (Docs. 18, 22.) Plaintiff's First Amended Complaint asserts six claims against Defendants: (1) abuse of process, (2) conspiracy to interfere with judgment lien, (3) deprivation of Plaintiff's property rights pursuant to 28 U.S.C. § 1983 by private persons acting under color of state law, (4) a second abuse of process claim, (5) infringement upon Plaintiff's First Amendment rights and 28 U.S.C. § 1654 right to file grievances in court personally, and (6) intentional infliction of emotional distress. (Doc. 37.)

On August 6, 2010, Defendants Chase, Fishman, and The Fishman Law Firm, P.C. moved to dismiss the First Amended Complaint for failure to state a claim upon which relief could be granted. (Docs. 27, 33.) On August 9, 2010, Defendent Stelzer answered the First Amended Complaint and moved to dismiss it on the grounds that it failed to state a claim upon which relief could be granted. (Docs. 35, 38.) Defendant J.D. Haynes was granted until January 11, 2011 to file a response to the First Amended Complaint. (Doc. 48.)[1] Although not reaching the merits of the pending motions for sanctions (Docs. 50, 54, and 68), the Court notes that Defendant Matthew Chase has alleged that Plaintiff wrongfully submitted two forged motions, purportedly made by J.D. Haynes, for

---

[1] On September 24, 2010, the Court entered an Order to Show Cause why Defendant J.D. Haynes should not be dismissed for Plaintiff's failure to timely obtain service of process. (Doc. 39.) Pursuant to Plaintiff's response, Defendant was not dismissed and Plaintiff obtained service through a process server. Defendant J.D. Haynes, who appears *pro se*, was thereafter granted additional time to respond.

extensions of time to respond to Plaintiff's Complaint.  (Doc. 50.)  Plaintiff disputes these allegations and has filed counter-motions for sanctions.  (Docs. 54, 68.)

On January 10, 2011, Plaintiff moved for leave to file a Second Amended Complaint on the basis that (1) Defendant J.D. Haynes has not filed a responsive pleading, (2) "all other defendants only filed motions to dismiss," (3) Plaintiff's use of the word "constitutes" caused certain paragraphs of the First Amended Complaint to be conclusory, and (4) none of the allegations of the Second Amended Complaint have changed from the original and First Amended Complaint.  (Doc. 49.)  Defendants oppose this motion.  (Doc. 51.)

## II.     FACTUAL BACKGROUND

On July 3, 2003, Plaintiff had a valid judgment against Defendants J.D. Haynes and his wife.  On April 14, 2005, Plaintiff had an Execution/Garnishment Application ("Order") and Order issued by the Circuit Court Clerk of the Twenty-Second Judicial Circuit of the State of Missouri.  The Order was delivered to the Sheriff of St. Louis City for execution upon Defendant Haynes and his wife, and the Sheriff's deputy served the Order upon them.  The Sheriff also placed the Order in the St. Louis Daily Record, to be run on May 2, 2005, giving notice to all interested parties that the Haynes' property at 2035 East Gano Avenue would be sold by auction on June 1, 2005 to satisfy the judgment in favor of Plaintiff.

Plaintiff alleges that prior to, and at various times during, May 2005, Defendants Jack Fishman, Matthew Chase, and J.D. Haynes "met, joined together, and planned a strategy how to hinder, delay and eventually extinguish the sheriff's sale of Haynes' real

3

property, scheduled for June 1, 2005." On May 23, 2005, Fishman allegedly implemented the strategy by presenting *ex parte*, an oral application for stay of execution to the scheduled sheriff's sale. Plaintiff also alleges that Defendant Michael E. Stelzer ("Judge Stelzer"), exercised his power as an associate circuit court judge, delegated to him by the State of Missouri, under color of state law, to accommodate Defendant Fishman, and granted Fishman's application, staying the execution of the judicial lien. Plaintiff alleges that Defendants knew of Judge Stelzer's "impartiality toward plaintiff as a self-represented litigant, and that he would not question their ex parte appearance, since plaintiff was the opposition and grant their oral application."

After learning of the *ex parte* appearance by Fishman, and the order entered by Judge Stelzer staying the execution of the judicial lien, Plaintiff filed a motion to set aside the Order, challenging Judge Stelzer's jurisdiction to act in the manner in which he did. On June 3, 2005, Judge Stelzer took Plaintiff's motion under submission, and on June 7, 2005 set aside the order on grounds of lack of jurisdiction.

On behalf of Defendant Haynes, Defendant Chase subsequently filed a motion to vacate and set aside the default judgment entered against Defendant Haynes on July 3, 2003 in the earlier state action leading to the judgment against Haynes, and to dismiss Plaintiff's petition. On June 8, 2005, the Honorable Steven F. Ohmer, Circuit Court Judge for the Twenty-Second Judicial Circuit, restored the stay of execution. On June 15, 2005, Judge Ohmer quashed his June 8, 2005 order, ordered that the original execution be returned in full force, such that the sheriff could proceed with the sale of the

Property, and denied the motion to vacate and set aside the default judgment as untimely filed.

## III. STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (holding that upon considering a motion to dismiss under Rule 12(b)(6), a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions, but pleadings which present "no more than conclusions, are not entitled to the assumption of truth."); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). "This is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).

## IV.    DISCUSSION

### A. **Count III of Plaintiff's First Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted for Deprivation of Plaintiff's Property Rights Pursuant to 28 U.S.C. § 1983.**

In Count III, Plaintiff alleges the grant of the *ex parte* stay of execution deprived him of his "constitutional[sic] protected due process rights of notice and to be heard prior to taking property interests" as guaranteed under the Due Process Clause of the 14th Amendment. Defendants argue that Count III fails to state a claim for which relief can be granted for deprivation of Plaintiff's property rights pursuant to 28 U.S.C. § 1983 because Plaintiff has not alleged a protected property interest, and even assuming he had alleged a protected property interest, he was not denied due process because the First Amended Complaint alleges that he was given notice and an opportunity to be heard.

6

Procedural due process requirements apply only to the deprivation of interests encompassed by the 14th Amendment's protection of property and liberty. Board of Regent v. Roth, 408 U.S. 564, 569 (1972). Only a property interest that is "'a legitimate claim to entitlement' . . . as opposed to a mere subjective expectancy," is a protected property interest. Batra v. Board of Regents, 79 F.3d 717, 720 (8th Cir. 1996) (citing Roth, 408 U.S. at 577). Whether a protected property interest exists is a matter of state law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). As such, the Court must first determine whether Plaintiff had a protected property interest.

Plaintiff's only allegation as to the nature of his protected property interest was his "constitutional[sic] protected rights of property in the State court claims" as evidenced by the judicial lien that resulted from his underlying claim. (Doc. 37 at ¶ 37.) Missouri courts have held that "a judgment lien does not confer title or equity in the real property to the creditor. A judgment lien instead gives the creditor priority over subsequent claims by placing a charge on the debtor's real property." Meyer v. Ragar, 935 S.W.2d 97, 99 (Mo. Ct. App. 1996). Plaintiff, therefore, did not have a protected property interest in the Haynes' real property at the time the stay of execution was ordered.

Assuming that Plaintiff is alleging that he had a protected property interest in specific auction date of real property under judicial lien, the Court finds such an interest to be too speculative to be a "legitimate claim to entitlement" as required by Batra. 79 F.3d at 720. The Court finds that Plaintiff has failed to allege a protected property interest sufficient to state a claim for deprivation of his property rights pursuant to 28 U.S.C. § 1983.

7

Even had Plaintiff alleged a protected property interest, his First Amended Complaint establishes that he was in fact given notice and an opportunity to be heard. Plaintiff acknowledges that he received notice of the stay, that he moved to vacate the stay and was heard on the matter, and that following consideration of Plaintiff's arguments, Judge Stelzer set aside his stay order on June 3, 2005. (Doc. 37 at ¶ 41.) From the face of the complaint, Plaintiff has not alleged any interference with any property right sufficient to state a claim for deprivation of his property rights pursuant to 28 U.S.C. § 1983.

The Court will therefore dismiss Count III of Plaintiff's First Amended Complaint.

**B.     Count V of Plaintiff's First Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted for Infringement of Plaintiff's First Amendment Right to Redress and 28 U.S.C. § 1654 Right to File Grievances in Court Personally.**

In Count V, Plaintiff alleges that his First Amendment right to redress and his statutory right to represent himself in court, pursuant to 28 U.S.C. § 1654, were violated by the Defendants' *ex parte* communication and stay of execution. Defendants argue that Plaintiff fails to state a claim for which relief can be granted because Plaintiff's First Amended Complaint does not allege how his First Amendment right of access to the Courts was denied by Defendants, and because 28 U.S.C. § 1654 is inapplicable to proceedings in state court.

The First Amendment grants the right to "petition the Government for a redress of grievances," guaranteeing a general right of access to the Courts. U.S. Const. amend. I; see generally Dixon v. Brown, 38 F.3d 379, 379-380 (8th Cir. 1994). Plaintiff's First

Amended Complaint fails to allege how Defendants' *ex parte* hearing on the application for stay of execution denied his right of access to the Courts. As discussed above, Plaintiff did not have a protected property interest in the Haynes' real property at the time the stay of execution was ordered. Moreover, Plaintiff admits that upon learning of the *ex parte* stay of execution, he filed a motion to set aside the stay, and on June 7, 2005, his motion was granted and the stay was set aside for lack of jurisdiction. (Doc. 37 at ¶ 41.) Plaintiff has therefore failed to state a claim for violation of his First Amendment right to redress upon which relief can be granted.

The same is true of Plaintiff's claim for violation of 28 U.S.C. § 1654. Section 1654 is inapplicable to Plaintiff's allegations because the allegations in Plaintiff's First Amended Complaint only involve proceedings before a state court. Section 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." As such, section 1654 protects the right of self-representation in federal court, not state court. See Faretta v. California, 422 U.S. 806, 812-813 (U.S. Cal. 1975) (noting that the right to self-representation in federal court is currently codified in 28 U.S.C. § 1654 and "[w]ith few exceptions, each of the several States also accords a defendant the right to represent himself in any criminal case."); U.S. ex rel. Sammarco v. Ludeman, Civil No. 09-880 (JRT/JJK), 2010 WL 681454, at *11 (D. Minn. Feb. 25, 2010) ("28 U.S.C. § 1654 permits only those licensed to practice law to conduct proceedings in federal court on behalf of anyone other than herself"); In re Estate of Butters v. Ash, No. 2:08CV00055 JCH, 2009 WL 1536606, at *2 (E.D. Mo. May 28,

2009) (holding that "[b]ecause plaintiffs are non-lawyers, they may not bring an action on behalf of another entity in federal Court."); Ebersen, Inc. v. City of Minneapolis, No. Civ. 03-6482RHKAJB, 2004 WL 483165, at *1 (D. Minn. March 11, 2004) (noting that courts have interpreted the language of 28 U.S.C. § 1654 to mean that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing Tsevegmid v. Ashcroft, 318 F.3d 1226, 1228 n. 3 (10th Cir. 2003)).

In addition, Plaintiff has made no factual allegations that he was not allowed to proceed *pro se*. Rather, Plaintiff admits that upon learning of the *ex parte* stay of execution, he filed a motion to set aside the stay, and on June 7, 2005, the stay was set aside for lack of jurisdiction. (Doc. 37 at ¶ 41.) Therefore, Plaintiff's claim under 28 U.S.C. § 1654 fails to state a claim upon which relief can be granted and will be dismissed.

The Court will therefore dismiss Count V of Plaintiff's First Amended Complaint.

### C. Counts I, II, IV, and VI of Plaintiff's First Amended Complaint, Shall Be Dismissed, Without Prejudice, For Lack of Subject Matter Jurisdiction.

Without addressing the adequacy of Plaintiff's state law claims, the Court declines to exercise jurisdiction over them. Any party or the court itself may, at any time, raise the issue of subject matter jurisdiction. Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005). In the First Amended Complaint, Plaintiff invokes the Court's jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights violations). Generally, this Court only has jurisdiction to adjudicate claims based on either federal subject matter jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 &

1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988); see also 28 U.S.C. § 1367. Having determined that Defendants' motions to dismiss will be granted on Plaintiff's claims under 42 U.S.C. §§ 1983 and 1654, and the First Amendment, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims in Counts I and IV (abuse of process), II (conspiracy to interfere with judgment lien), and VI (intentional infliction of emotional distress), and will dismiss the same, without prejudice, pursuant to 28 U.S.C. § 1367(c).[2]

### D. The Court Will Deny Plaintiff's Motion for Leave to File a Second Amended Complaint Because Such an Amendment Would Be Futile.

In his motion for leave, Plaintiff seeks leave of the Court to amend his First Amended Complaint on the basis that (1) Defendant J.D. Haynes has not filed a responsive pleading, (2) "all other defendants only filed motions to dismiss," (3) Plaintiff's use of the word "constitutes" caused certain paragraphs of the First Amended Complaint to be conclusory, and (4) none of the allegations of the Second Amended Complaint have changed from the original and First Amended Complaint. (Doc. 49.)

"A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving

---

[2]Plaintiff may be entitled to re-file these claims in state court.

party or would be futile." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)). There is no absolute right to amend a pleading, and a finding of "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment" may be grounds for denying a motion to amend. Id. (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). "When a court denies a motion to amend a complaint 'on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand' a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Bakhtiari v. Beyer, No. 4:06-CV-1489, 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008) (citing In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007)).

The Court finds that granting Plaintiff's leave to file a third amended complaint would be futile. The substantive allegations in Plaintiff's proposed third amended complaint appear to be the same as those in Plaintiff's original Complaint and First Amended Complaint, with the exception of Plaintiff's new allegations of racial discrimination and negligent infliction of emotional distress. Plaintiff's only factual support for his allegations of racial discrimination is that upon "information and belief," Defendants allegedly unlawful actions were "motivated in-part by plaintiff's race 'Negro-American.'" (Doc. 49-1 at ¶¶ 26, 49.) In support of his claim of negligent infliction of emotional distress, Plaintiff alleges "defendants action in this case, attacking plaintiff's judicial lien, right to participate in the legal system as a self-represented litigant, was without justification or authority, outrageous, and negligent." Plaintiff also alleges that

12

Defendants "knew or should have known" that their acts would "cause mental anguish and emotional distress." (Doc. 49-1 at ¶¶ 59-60.)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Conley, 355 U.S. at 47. A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang, 520 F. Supp. 2d at 1140. A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N., 591 F.3d at 630 (citing Bell Atl. Corp., 550 U.S. at 570).

The Court finds that Plaintiff has failed to sufficiently state a claim for racial discrimination or negligent infliction of emotional distress. These claims are conclusory and devoid of factual support, making them the type of "naked assertion . . . devoid of factual enhancement" that the Supreme Court found insufficient to state a claim under Rule 8. Iqbal, 129 S.Ct. at 1937. See also Ayodele v. Fieggins, Civ. No. 10-4009, 2010 WL 4513435, *3 (D.S.D. April 7, 2010) ("'Although racial discrimination claims are actionable merely conclusory allegations of discrimination are insufficient to state a claim under § 1983. Absent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated.'") (quoting Foster v. Powers, C.A. No. 3:08-0025-PMD-JRM2009 WL 349165, *9, n. 4 (D. S.C. Feb. 10, 2009); Johnson v. Medford, 208 F.Supp.2d 590 (W.D.N.C. 2002) (prisoner complaint properly dismissed on screening, "in order to state a claim for racial

13

discrimination, the plaintiff must at least go beyond mere conclusory assertions that a particular action was taken because the defendant is of a race which is different from the plaintiff's."); Ballance v. Virginia, 130 F.Supp.2d 754, 761 (W.D. Va. 2000) (although allegations of racial discrimination are actionable under § 1983, merely conclusory allegations of discrimination are insufficient to state a claim).  Indeed, in his opposition brief, Plaintiff made no response, whatsoever, to Defendants' assertions that the allegations of race discrimination were insufficient.  On the contrary, he asserted that the factual allegations were the same as the prior amended complaint.  Plaintiff's remaining claims appear to be the same as those in Plaintiff's original Complaint and First Amended Complaint, and therefore fail under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim on which relief can be granted.  The Court will therefore deny Plaintiff's motion for leave to file a second amended complaint.

In light of this Court's Order, it is unnecessary to address the parties' other grounds of futility, including judicial immunity and privilege.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Matthew Chase's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Jack Fishman and The Fishman Law Firm, P.C.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Michael F. Stelzer's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plantiff's First Amended Complaint (Doc. 37) is **DISMISSED**. A separate order of dismissal will be entered this same day.

**IT IS FURTHER ORDERED** that Defendants Jack Fishman and The Fishman Law Firm, P.C.'s Motion to Dismiss Plaintiff's Complaint (Doc. 10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Michael F. Stelzer's Motion to Dismiss Plaintiff's Complaint (Doc. 16) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Matthew Chase's Motion for Sanction (Doc. 50), Plaintiff's Motion for Sanctions (Doc. 54), Plaintiff's Pro Se Motion for Sanctions (Doc. 68), Plaintiff's Motion to Strike (Doc. 69), Plaintiff's Pro Se Motion for an Order Requiring All Parties to Personally Appear (Doc. 70), and Plaintiff's Pro Se Motion to Strike (Doc. 71) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall file any motions that they do not feel are deemed moot by this Court's Order no later than **Monday, March 21, 2011**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2011.