UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE D. SNELLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV00925 AGF |
| | ) | |
| J.D. HAYNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On March 9, 2011, the Court dismissed Plaintiff Lonnie D. Snelling's complaint

for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and denied Plaintiff's motion for

leave to file a third amended complaint because such an amendment would be futile

(Docs. 76, 77).  Plaintiff has now filed a motion to reconsider those decisions (Doc. 78,

79).

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of

Civil Procedure.  Typically, courts construe a motion to reconsider as a motion to alter or

amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief

from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows relief from an order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,
or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff has not pled any of these bases in his motion, and the Court therefore finds that Rule 60(b) is inapplicable to his motion.

Rule 59(a) - (d) allows a party to move for a new trial, or to alter or amend a judgment, following a bench trial or jury trial in the case.  This case was decided on motions to dismiss and, therefore, Rule 59(a) - (d) is inapplicable.  Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence."  *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  *Id.*

Even liberally construing Plaintiff's motion as one brought under Rule 59(e), Plaintiff has provided no basis for relief.  Because nothing in Plaintiff's motion convinces the Court that its decisions to dismiss this action and deny Plaintiff's motion to further amend his complaint was in error, the Court will deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial, to Amend

Memorandum and Order, and Make Additional Finding of Facts (Doc. 78) is **DENIED**.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2011.