LONNIE D. SNELLING,          )
                                   )
         Plaintiff,           )
                                     )
       vs.                   )            Case No. 4:10CV00925 AGF
                                     )
J.D. HAYNES, et al.,           )
                                   )
         Defendants.      )

## MEMORANDUM AND ORDER

This matter comes before the Court on the cross-motions of Plaintiff Lonnie D. Snelling and Defendant Matthew Chase for sanctions (Docs. 50, 54, 68, 80, 83, 84) regarding two filings purportedly made by Defendant J.D. Haynes. Chase seeks sanctions against Snelling alleging that these two documents were not actually made by Haynes, but were drafted and submitted to the Court by Snelling, "with the aim to commit two separate frauds upon the court." (Doc. 50 at 3.) Snelling seeks sanctions against Chase alleging that it was Chase, through his attorney of record, that attempted to commit fraud upon the Court by either dictating or authoring the allegedly forged documents "with the intent to later claim that said documents were written and filed by plaintiff." (Doc. 54 at 2-3.)

## Background

On October 12, 2010, Haynes purportedly made and filed a motion for an extension of time to respond to Snelling's complaint. (Doc. 44.) This motion bears a signature stating "J.D. Haynes - J. D. Haynes, unrepresented defendant." *Id.* On November 12, 2010, Haynes purportedly made and filed a motion for an additional

extension of time to respond to Snelling's complaint.  (Doc. 47.)  This motion bears a signature stating "J.D. Haynes - J. D. Haynes - unrepresented defendant."  *Id.*

On January 13, 2011, Chase filed a motion for sanctions against Snelling, alleging that Snelling forged and filed these two documents.  (Doc. 50.)  On February 4, 2011, Snelling filed his cross-motion for sanctions alleging that Chase's attorney had forged and filed the documents.  (Doc. 54.)  On February 4, 2011, Snelling filed an affidavit, swearing under oath that he neither wrote the documents, nor submitted them to the Court. (Doc. 57.)

On February 9, 2010, Haynes purportedly made a third motion for an extension of time to respond to Snelling's complaint, but the Clerk of the Court noted that the "[d]ocument was submitted in the Clerk's Office by a non-party."  (Doc. 60.)  This motion bears a signature stating "J.D. Haynes/mhb unrepresented defendant."  *Id.*  The "mhb" notation appears to be initials.  On February 23, 2011, Chase further alleged that this third motion for an extension of time was also a forgery, and asked that it be considered in connection with Chase's motion for sanctions.  (Doc. 66.)

On March 1, 2011, Snelling filed an affidavit, swearing under oath that he neither wrote any of the allegedly forged documents, nor submitted them to the Court.  (Doc. 67.) Snelling also made an amended motion for sanctions against Chase, arguing that despite the Clerk's notation that a non-party filed the February 9, 2011 document, Chase continued to claim that Snelling had forged and filed the document.  (Doc. 68).

On March 9, 2011, the Court entered an Order dismissing the federal claims, for failure to state a claim, and declining to exercise jurisdiction over the state law claims.

The Court also denied the pending motions for sanctions without prejudice, allowing the parties time to refile any motions they did not deem mooted by the Court's Order. (Doc. 76.) On March 21, 2011, Chase filed a motion to restore his earlier motion for sanctions. (Doc. 80.) On March 28, 2011, Snelling filed an additional motion for sanctions against Chase and his attorney, and also filed a motion to restore his earlier motions for sanctions.

## Discussion

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:

> Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented . . . By presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . ; (2) the claims, defenses, and other legal contentions are warranted . . . ; (3) the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief or a lack of information . . . [T]he court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation. . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

In determining whether a violation of Rule 11 has occurred, the Court is to apply an objective standard of reasonableness. *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). Rule 11 sanctions are not to be imposed lightly and the Court must approach the question of imposition of sanctions with circumspection. *Id.*

Chase argues that the motions at issue appear to have been written by Snelling; however, Chase provides no proof to support that allegation. Chase relies on the affidavits of John Houseman, a Missouri licensed private investigator who met with Haynes

3

regarding the documents at issue, and Stephen McKasson, a document examiner, but neither affidavit concludes that Snelling wrote the motions at issue.  Mr. Houseman attests that Haynes told him that he had not signed any of the motions at issue, nor had Haynes authorized anyone to sign his name on the motions.  (Doc. 66-1 at ¶¶ 6-7.)  However, Mr. Houseman also attests that Haynes told him that the motions were in the handwriting of his daughter, Mary Lou and, therefore, Mr. Houseman did not know whether Haynes' daughter was the person who filed the three requests for extensions with the Court.  (Doc. 66-1 at ¶¶ 9-10.)  Mr. McKasson attests that, based upon his comparison of the motions at issue with three documents known to contain the real signature of Haynes, it was his conclusion that Haynes did not write his name on the motions at issue.  (Doc. 66-2 at ¶ 3.)  Snelling filed two affidavits, swearing under oath that he neither wrote the motions at issue, nor submitted them to the Court.  (Doc. 57 at ¶6, Doc. 67 at ¶¶ 6,8.)  The Clerk's notation regarding the February 9, 2011 motion also indicates that it was filed by a non-party.  (Doc. 60.)  On the record before it, Chase has not met his burden to persuade the Court that Snelling wrote or filed the motions at issue, and therefore the Court will deny Chase's motion for sanctions.

The Court further finds that Snelling has failed to put forth any evidence supporting his allegations that Chase's attorney wrote or filed the motions at issue with the Court, and accordingly his original motion for sanctions (Doc. 54) will be denied.  The Court also finds the arguments raised in Snelling's amended motion for sanctions to be misplaced.  Chase's reply brief (Doc. 66) was filed timely pursuant to an extension granted by the Court on February 17, 2011 (Doc. 64).  And, as an officer of the Court,

Chase's attorney had a duty to report what he believed to be an ongoing fraud being perpetrated upon the Court. While Chase argued in his reply brief that the February 9, 2011 motion was a forgery, he did not argue that Snelling also had filed the motion, and Chase admitted that the Clerk noted that the motion was filed by a non-party, as indicated by the signature block   The Court therefore finds that sanctions against Chase are not warranted and will deny Snelling's amended motion for sanctions.

Finally, Snelling's additional motion for sanctions (Doc. 83) seeks sanctions against Chase because, while Chase's attorney electronically filed Document 80 with the Court on March 21, 2011, and stated in the certificate of service that said document was mailed on March 21, 2011, the envelope received by Snelling had a postage cancellation date of March 22, 2011. In his response to this motion, Chase represents to the Court that his attorney placed Document 80 in the postbox under the care and custody of the United States Postal Service on March 21, 2011, and the postal service must have postmarked the envelope the next day. On the record before it, the Court finds that Chase's attorney did not make a misrepresentation to the Court in his certificate of service and will deny Snelling's additional motion for sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Matthew Chase's Motion to Restore and Determine Motion for Sanctions against Plaintiff Lonnie D. Snelling (Doc. 80) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff Lonnie Snelling's Motion to Restore and Determine Existing Motions (Doc. 84) is **GRANTED in part**.

**IT IS HEREBY ORDERED** that Defendant Matthew Chase's Motion for Sanctions (Doc. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Lonnie Snelling's Motion for Sanctions (Doc. 54) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Lonnie Snelling's Amended Motion for Sanctions (Doc. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Lonnie Snelling's Additional Motion for Sanctions (Doc. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Lonnie Snelling's Motion to Strike (Doc. 69) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff Lonnie Snelling's Motion for Order Requiring All Parties to Personally Appear (Doc. 70) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff Lonnie Snelling's Motion to Strike (Doc. 71) is **DENIED as moot**.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2011.